*SM*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**



# FILED

**OCT 1 8 2023** *EW*

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

**TAMIKA CONN**

    **Plaintiff,**

**23-cv-15087**
**Judge Pacold**
**Magistrate Judge Weisman**

v.

**EXPERIAN INFORMATION SOLUTIONS,**

**EQUIFAX INFORMATIONS SERVICES,**

**TRANSUNION LLC., and PNC BANK N.A.,**

    **Defendants,**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW,** Plaintiff Tamika Conn ("Claimant") by and through, upon information and belief, herby

complain as follows:

### I. INTRODUCTION

1.  This action for negligence, defamation and violations of the Fair Credit Reporting Act ("FCRA"),

    15 U.S.C. 1681 et seq, arising out of PNC Bank N.A. false reporting to TransUnion, Experian,

    and Equifax where by Plaintiff discovered inaccurate information reporting on her consumer

    credit reports, disputed that inaccurate information, and Defendants willfully or negligently

refused to correct the inaccurate information on Plaintiff consumer credit reports, and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

2. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3. All violations done by Defendant's EXPERIAN INFORMATION SOLUTIONS, EQUIFAX INFORMATION SERVICES, TRANSUNION LLC., and PNC BANK N.A., were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

4. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

5. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C 1681 et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information "FCRA , 15 U.S.C. 1681(b); *Safeco Ins. Co. Of Am.* Burr (2007) 551 U.S. 47. 127 S. Ct 2201, 2205. The Congressional findings noted that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy.

## II. PARTIES

6. Plaintiff Tamika Conn is a natural person. She is a "person" and "consumer" as defined by the FCRA at 15 U.S.C 1681a(b) and (c) because she is an individual. Unless otherwise specifically stated herein, the term "Plaintiff" shall refer to Tamika Conn

7. Defendant, EXPERIAN, is a corporation organized under the laws of the United States of America and is headquartered in Costa Mesa, California.

8. EXPERIAN is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C 1681a(o).

9. EXPERIAN is regularly engaged in business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. 1681a(d), to third parties.

10. Defendant, TransUnion, is a corporation organized under the laws of the United States of America and is headquartered in Chicago, Illinois.

11. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. 1681a(o).

12. TransUnion is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports" as that term is defined 15 U.S.C. 1681a(d), to third parties.

13. Defendant EQUIFAX, is a corporation organized under the laws of the United States of America and is headquartered in Atlanta, Georgia.

14. EQUIFAX, is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C 1681a(o).

15. EQUIFAX is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports" as that term is defined 15 U.S.C. 1681a(d), to third parties.

16.  PNC BANK N.A. is a furnisher of information as contemplated by FCRA section 1681s-2(a)&(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

### III.       JURISIDICTION AND VENUE

17.Jurisdiction of this court arises under 15 U.S.C 1681(p), 28 U.S.C 1331. Venue in this District is proper in that Defendants transact business here, and the conduct complained of occurred here.

### IV. FACTUAL ALLEGATIONS

18. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant PNC Bank., N.A., Equifax ("EQUIFAX"), TransUnion ("TransUnion") and Experian (collectively, "Defendant's"), and has suffered particularized and concrete harm.

19. Experian, is one of the largest consumers reporting agencies (CRAs") as defined by 15 U.S.C

1681(a)(f).

20. TransUnion, is one of the largest consumers reporting agencies (CRAs") as defined by 15 U.S.C

1681(a)(f).

21.Equifax, is one of the largest consumers reporting agencies (CRAs") as defined by 15 U.S.C

1681(a)(f).

22. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

23. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy" 15 U.S.C 1681 (e)(b).

24. TransUnion, has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy" 15 U.S.C 1681 (e)(b).

25. Equifax, has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy" 15 U.S.C 1681 (e)(b).

26. On or around July 6th, 2023, upon checking Plaintiff's personal credit report via website experian.com, Plaintiff discovered PNC Bank N.A. erroneously reporting Plaintiff account (Account") as a "30-60 days late payment on Plaintiff's Experian, TransUnion, and Equifax consumer report

27. The PNC Bank account number:0108****is not 30-60 days late as it was paid off during the Plaintiff purchase of a new vehicle in January 2021.

28. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiffs' credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

29.On or about July 20, 2023, Plaintiff sent a written dispute letter pursuant to 15 U.S.C. 1681i to Experian (the "Disputes"). Disputing the accuracy and completeness of the information in her credit report, specifically with regard to the PNC Bank Account. **See Exhibit A**

30. On or about July 20, 2023, Plaintiff sent a written dispute letter pursuant to 15 U.S.C. 1681i to TransUnion (the "Disputes"). Disputing the accuracy and completeness of the information in her credit report, specifically with regard to the PNC Bank Account. **See Exhibit B**

31. On or about July 20, 2023, Plaintiff sent a written dispute letter pursuant to 15 U.S.C. 1681i to Equifax (the "Disputes"). Disputing the accuracy and completeness of the information in her credit report, specifically with regard to the PNC Bank Account. **See Exhibit C**

32. On July 20, 2023, Ms. Conn wrote a letter to PNC detailing the facts and circumstances why she was not thirty days late in June 2023 and sixty days late in July 2023. After describing in detail what happened, Ms. Conn requested that PNC Bank delete the reporting of the thirty- and sixty-days late notations. **See Exhibit D**

33. Plaintiff sent the dispute dated July 20, 2023, to Experian ("EXPERIAN") Via U.S.P.S Certified mail with tracking number 9589-0710-5270-0703-2500-44.

34. Plaintiff was notified by USPS that Defendant received the letter dated July 20,2023 with tracking number 9589-0710-5270-0703-2500-44 on July 26,2023 via Domestic Return Receipt via Experian timestamp, date and Experian representative signature attached**. See Exhibit E**

35. Plaintiff sent the dispute dated July 21, 2023, to TransUnion ("TRANSUNION") Via U.S.P.S Certified mail with tracking number 9589-0710-5270-0666-4962-99

36. Plaintiff was notified by USPS that Defendant received the letter dated July 21,2023 with tracking number 9589-0710-5270-0666-4962-99 on July 27,2023 at 10:49 a.m. Via Domestic Return Receipt via TransUnion timestamp, date and TransUnion representative signature attached. **See Exhibit F**

37. Plaintiff sent the dispute dated July 20, 2023, to Equifax ("EQUIFAX") Via U.S.P.S Certified mail with tracking number 9589-0710-5270-0703-2499-94.

38. Plaintiff was notified by USPS that Defendant received the letter dated July 20,2023 with tracking number 9589-0710-5270-0703-2499-94 on July 28,2023 at 09:29 a.m. Via Domestic Return Receipt via Equifax timestamp, date and Equifax representative signature attached. **See Exhibit G**

39. In support of Plaintiff's dispute dated July 21, 2023, with tracking number 9589-0710-5270-0703-2500-44 that Plaintiff sent to Defendant ("Experian"), Plaintiff attached (1) Phone Transcript with PNC Bank Representative, and the False, Inaccurate and Misleading Trade-line item and information being reported on Plaintif's consumer report. **See Exhibit I**

40. In support of Plaintiff's dispute dated July 21, 2023, with tracking number 9589-0710-5270-0666-4962-99 that Plaintiff sent to Defendant ("TransUnion"), Plaintiff attached (1) Phone Transcript with PNC Bank Representative, and the False, Inaccurate and Misleading Trade-line item and information being reported on Plaintiff's consumer report.

41. In support of Plaintiff's dispute dated July 20, 2023, with tracking number 9589-0710-5270-0703-2499-94 that Plaintiff sent to Defendant ("Equifax"), Plaintiff attached (1) Phone Transcript with PNC Bank Representative, and the False, Inaccurate and Misleading Trade-line item and information being reported on Plaintiff's consumer report.

42. Upon information and belief, Experian, TransUnion, and Equifax forwarded Plaintiff' Dispute to Defendant PNC

Bank N.A.

43.Upon information and belief, PNC Bank N.A., verified the erroneous information associated with the Account to Experian, Transunion, and Equifax.

44. PNC Bank N.A. did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the account.

45. Experian did not conduct an investigation, contact Plaintiff, contact third –parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

46. TransUnion did not conduct an investigation, contact Plaintiff, contact third –parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

47. Equifax did not conduct an investigation, contact Plaintiff, contact third –parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

*(1) Plaintiff requested from Defendants in the dispute letter dated July 20.2023 and July 21,2023, a description of the procedure used to determine the accuracy and completeness of the information of the*

*above listed disputed information that you include in a consumer report that you prepared and published about me, including, but not limited to, the business name and address of all furnishers of information contacted in connection with such information and telephone number of such furnishers when you initially prepared the consumer report with the information, investigated the data and reinvestigated it due to my current dispute.*

48. On or around July 31, 2023, Plaintiff received a response in the form of an email dated July 31,2023 at 6:25 pm from Defendant ("Experian'), delivered via email. **See Exhibit J**

49. On or around August 1st, 2023, at approximately 11:46 a.m. Plaintiff called Defendant ("Experian") at the phone number listed on their email correspondence dated July 31, 2023, and spoke with a representative by the name of Anthony May regarding the email information stating that:

"We received a recent request for your credit information that does not appear to have been sent directly by you or to be authorized by. As a precautionary measure, we have not taken any action on your alleged request. According to the Fair Credit Reporting Act, "if the completeness or accuracy of any item of information contained in a consumers file at a national consumer reporting company is disputed by and the consumer notifies the company directly of such dispute, the company shall investigate free of charge." Therefore, you can dispute any inaccurate information directly with Experian for free.

"If you believe that information in your personal credit report is inaccurate or incomplete, please call us at the phone number 833-421-3400, or visit our secure web site to upload your documents at www. Experian.com/dispute.

50. Plaintiff inform Experian representative during the phone call that she is personally disputing the account and Plaintiff inform the Experian representative Anthony Mays she submitted supporting documents to verify her identity with her dispute regarding the PNC Bank account.

51. Plaintiff added in the dispute for Identification purposes (1) her full social security number, date of birth, a copy of Plaintiff's Driver's License which is appropriate proof of the Identity of the consumer (2)

Plaintiff sent Defendant a copy of the Phone Transcript with PNC Bank Representative (3) Plaintiff mentioned the account at issue to Defendant ("Experian") and supplied an attached copy of the information reporting on her credit (4) a statement by the Plaintiff that the information is not information relating to any transaction by Plaintiff. **See Exhibit K**

52. According to Mr. May, Plaintiff dispute letter appeared to look as if it came from a credit clinic or third party. Mr. May stated she submitted a lot of information and doesn't know why they sent Plaintiff that email.

53. During the same call and after repeated attempts to resolve the issue. Experian representative informed Plaintiff to resubmit her dispute letter one more time and add at the end of the dispute letter to write "It was done by me and not by a credit clinic" **See Exhibit L**

54. On August 2, 2023, PNC Bank sent Ms. Conn a response to her letter, and refused to delete the derogatory late payments from the account history. PNC stated, "We may report information about your account to credit bureaus. Late Payments, Missed Payments, or Other Defaults on your actions may be reflected in your credit report." Shocked at PNC Bank decision, Ms. Conn sought independent assistance of the credit bureaus again,

55. On August 9,2023, Ms. Conn sent dispute letters to Experian on a second occasion requested by the Experian representative to have the derogatory information removed from her account. In these dispute letters, she stated her position regarding how the payments could not have been late because she no longer had possession of the vehicle and never received any statements since 2021 relating to the vehicle until now 2023. Ms. Conn also included the copy of the retail installments contract as additional evidence proving she had traded in the vehicle that the tradeline was reporting incorrectly so that there would be additional information for all parties to review as part of the reinvestigation. **See Exhibit M**

56. On August 10, 2023, Experian sent Ms. Conn a report referring her to a credit file for an update. However, Experian also continued to report the derogatory late payment information.

**See Exhibit N**

57. August 16, 2023, at approximately 10:25 a.m. Plaintiff received the same exact email from Defendant ("Experian") the previous dispute stating that:

We received a recent request for your credit information that does not appear to have been sent directly by you or to be authorized by. As a precautionary measure, we have not taken any action on your alleged request. According to the Fair Credit Reporting Act, "if the completeness or accuracy of any item of information contained in a consumers file at a national consumer reporting company is disputed by and the consumer notifies the company directly of such dispute, the company shall investigate free of charge." Therefore, you can dispute any inaccurate information directly with Experian for free.

"If you believe that information in your personal credit report is inaccurate or incomplete, please call us at the phone number 833-421-3400, or visit our secure web site to upload your documents at www. Experian.com/dispute.

58. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letter.

59. At no point after receiving the Dispute Letters did PNC Bank and/or Experian communicate with Plaintiff to determine the veracity and extent of each Plaintiff Dispute Letter.

60. Experian relied on its own judgement and information provided to it by PNC Bank rather than grant credence to the information provided by Plaintiff.

61. On July 19, 2023, Rocket Mortgage obtained an Experian credit file that is believed to have contained the erroneous derogatory trade-line for the account that is at issue in this action. Accordingly, Ms. Conn was unable to obtain a pre-approval certificate for a home loan. **See Exhibit O**

*(2)    Plaintiff Experian credit report was disseminated to a third party and Plaintiff was denied due to the False, Inaccurate, and misleading information that Experian was and currently is reporting on Plaintiff's file.*

62. On August 16, 2023, Experian sent its results of reinvestigation and continued to report the derogatory payment information on her Experian credit file.

63. On or around August 21, 2023, Plaintiff requested her free credit report from freeannualcreditreport.com via mail. On or around September 5, 2023 Plaintiff received her free Experian consumer file report number 2875-1497-05 via mail per Plaintiff request and noticed that the PNC Bank N.A. account that Plaintiff disputed pursuant to 15 U.S.C. 1681i were still being reported to Plaintiff's consumer report after Plaintiff dispute that was sent July 2023 and Aug 9,2023 and after Experian ("Defendant") representative Anthony Mays confirmed that the trade-line item and information would be reinvestigated. **See Exhibit P**

64. Experian did not notify PNC Bank of the dispute by Plaintiff in accordance with the FCRA, or alternatively failed to properly investigate and delete the tradeline properly on Claimant's credit reports.

65. On or around July 19, 2023, Plaintiff received a response in the form of a letter dated July 19,2023 from Defendant ("TransUnion'), delivered via USPS mail. **See Exhibit Q**

66. On or around August 18th, 2023, at approximately 11:46 a.m. Plaintiff called Defendant ("TransUnion") at the phone number listed on their mail correspondence dated July 19, 2023, and spoke with a representative by the name of Sam regarding the mail information stating that:

"We recently received a request that included your information, but it didn't appear that you or a properly authorized third party sent it to us. We take the privacy and security of your data very seriously, so we won't process requests unless they come directly from you or an authorized third party. If you're working with a third party such as a credit repair company or "credit clinic", they have to identify themselves in

their communication to us and provide proof that you've authorized them to communicate with us on your behalf."

67. Plaintiff informed Defendant ("TransUnion") representative during the phone call that she is personally disputing the following account on her behalf and not a "credit clinic" nor third party is assisting her with the dispute. Also, Plaintiff inform the Defendant ("TransUnion") representative Sam she will resubmit her dispute with the additional supporting documents and the letter she received from the Defendant ("TransUnion") dated July 19,2023 to verify her identity with her dispute regarding the PNC Bank account.

68. Plaintiff added in the dispute for Identification purposes (1) her full social security number, date of birth, a copy of Plaintiff's Driver's License which is appropriate proof of the Identity of the consumer (2) Plaintiff sent Defendant a copy of the Phone Transcript with PNC Bank Representative (3) Plaintiff mentioned the account at issue to Defendant ("TransUnion") and supplied an attached copy of the information reporting on her credit (4) a statement by the Plaintiff that the information is not information relating to any transaction by Plaintiff.

69. On July 19, 2023, Rocket Mortgage obtained a TransUnion credit file that is believed to have contained the erroneous derogatory trade-line for the account that is at issue in this action. Accordingly, Ms. Conn was unable to obtain a pre-approval certificate for a home loan.

*(3)* *Plaintiff TransUnion credit report was disseminated to a third party and Plaintiff was denied due to the False, Inaccurate, and misleading information that TransUnion was and currently is reporting on Plaintiff's file.*

70. TransUnion did not notify PNC Bank of the dispute by Plaintiff in accordance with the FCRA, or alternatively failed to properly investigate and delete the tradeline properly on Plaintiffs credit reports.

71. On or around August 21, 2023, Plaintiff requested her free credit report from freeannualcreditreport.com via mail. On or around September 5, 2023 Plaintiff received her free

"TransUnion" consumer file number 365842691 via USPS mail per Plaintiff request and noticed that the PNC Bank N.A. account that Plaintiff disputed pursuant to 15 U.S.C. 1681i were still being reported to Plaintiff's consumer report after Plaintiff dispute that was sent July 2023 and Aug 2023 and after Defendant ("TransUnion") representative Sam confirmed that the trade-line item and information would be reinvestigated. **See Exhibit R**

72. TransUnion did not notify PNC Bank of the dispute by Plaintiff in accordance with the FCRA, or alternatively failed to properly investigate and delete the tradeline properly on Plaintiff's credit reports.

73. On July 19, 2023, Rocket Mortgage obtained an "Equifax" credit file that is believed to have contained the erroneous derogatory trade-line for the account that is at issue in this action. Accordingly, Ms. Conn was unable to obtain a pre-approval certificate for a home loan.

*(4)   Plaintiff Equifax credit report was disseminated to a third party and Plaintiff was denied due to the False, Inaccurate, and misleading information that Equifax was and currently is reporting on Plaintiff's file.*

74. On August 16, 2023, Defendant "Equifax" sent its results of reinvestigation and continued to report the derogatory payment information on her Equifax credit file.

75. On or around August 21, 2023, Plaintiff requested her free credit report from freeannualcreditreport.com via mail. On or around September 5, 2023, Plaintiff received her free "Equifax" consumer file report number: 3212508315 via USPS mail per Plaintiff request and noticed that the PNC Bank N.A. account that Plaintiff disputed pursuant to 15 U.S.C. 1681i were still being reported to Plaintiff's consumer report after Plaintiff dispute that was sent July 2023 and Aug 2023 and after Defendant ("Equifax"). **See Exhibit S**

76. Equifax did not notify PNC Bank of the dispute by Plaintiff in accordance with the FCRA, or alternatively failed to properly investigate and delete the tradeline properly on Plaintiff's credit reports.

77. Based upon the prevailing standards in the credit history as a result of the mortgage crisis, Ms. Conn would be unable to obtain any loan with a sixty-day derogatory trade line on her credit file as that information would cause any application to be declined either through the desktop underwriting or through Fannie Mae and Freddie Mac guidelines.

78. At all times pertinent hereto, the conduct of Defendant's, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in disregard for federal law and the rights of the Claimant herein.

*(5) A copy of the letters/dispute, Mail Receipt proof, Audio Transcripts, and other correspondence above mentioned above is not attached for reason that is available to Defendant's ("Experian"), ("Transunion"), ("Equifax") and ("PNC Bank") and contains personally identifying information. Plaintiff will provide a copy upon request, and it will be introduced into evidence at the hearing hereof.*

79. As a result of the actions and inactions of Defendant's, Claimant suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## COUNT I

### Negligence-PNC Bank N.A.

80. Plaintiff hereby adopts and incorporates the allegations contained 1 through 38 as if fully set forth herein.

81. PNC Bank's false reporting to TransUnion, Experian, and Equifax regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, PNC Bank N.A., breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

82. PNC Bank's false reporting to Transunion, Experian, and Equifax regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. PNC Bank's false reporting to TransUnion, Experian, and Equifax regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages thereof.

### Negligence- TransUnion

83. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 83 as if fully set forth herein.

84. TransUnion, failure to remove PNC Bank's false report of Plaintiff's alleged delinquency from Plaintiff's TransUnion credit report, despite Plaintiff's lawful notices to TransUnion of the falsity of the report, was negligent. In failing to remove PNC Bank's false reports of Plaintiff's alleged delinquency, TransUnion, breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

85. TransUnion's negligent failure to remove PNC Bank's false reports of Plaintiff's alleged debt from Plaintiff's TransUnion credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

86. TransUnion's failure to remove PNC Bank's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to TransUnion of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages thereof.

### Negligence- Experian

87. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 86 as if fully set forth herein.

88. Experian's failure to remove PNC Bank's false report of Plaintiff's alleged delinquency from Plaintiff's credit report, despite Plaintiff's lawful notices to EXPERIAN of the falsity of the report, was negligent. In failing to remove PNC Bank's false report of Plaintiff's alleged delinquency, EXPERIAN breached of duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain <u>accurate credit histories</u> for the Plaintiff and acted with conscious disregard for Plaintiff's rights.

89. As a proximate result, Experian's negligent failure to remove PNC Bank's false reports of Plaintiff's alleged debt of the Plaintiff's EXPERIAN credit report has caused Plaintiff to suffer substantial money damages and damage of character and reputation, including, but not limited to, Plaintiff being denied lines of credit, home loans, personal loans, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

90. Experian's failure to remove PNC Bank's N.A, false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to EXPERIAN of falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages thereof.

**Negligence-Equifax**

91. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 88 as if fully set forth herein.

92. Equifax's failure to remove PNC Bank N.A, false report of Plaintiff's alleged delinquency from Plaintiff's EQUIFAX credit report, despite Plaintiff's lawful notices to EQUIFAX of the falsity of the report, was negligent. In failing to remove PNC Bank's N.A., false reports of Plaintiff's alleged delinquency, EQUIFAX breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to <u>maintain accurate credit histories</u> for the Plaintiff and acted with conscious disregard for Plaintiff's rights.

93. As proximate result, Equifax's negligent failure to remove PNC Bank's N.A., false reports of Plaintiff's alleged debt of the Plaintiff's Equifax credit report has caused Plaintiff to suffer substantial money damages and damage of character and reputation, including, but not limited to, Plainitff being denied lines of credit, home loans, personal loans, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

94. Equifax's failure to remove PNC Bank's N.A., false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to EQUIFAX of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages, therefore.

## Negligent Violation of the Fair Credit Reporting Act-PNC Bank N.A

95. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

96. PNC Bank N.A., false reporting to TransUnion, Experian, and Equifax of Plaintiff's alleged delinquency is a violation of PNC Bank's duties as furnisher of credit information pursuant to the FCRA, 15 U.S.C 1681s2(a) and (b).

97. PNC Bank's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C 1681o for which PNC Bank N.A., is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's costs and fees.

## Negligent Violation of the Fair Credit Reporting Act- TransUnion

98. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 97 as if fully set forth herein.

99. TransUnion's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of TransUnion's duty to ensure maximum

possible accuracy of consumer reports under 15 U.S.C 1681e(b) and TransUnion's duties regarding investigation of disputed items under 15 U.S.C 1681i.

100. TransUnion's failure to evaluate or consider any of Plaintiff's information, claims or evidence and failures to make any and/ or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following TransUnion's receipt of Plaintiff's dispute is a violation of TransUnion's duties regarding investigation of disputed items under 15 U.S.C 1681i. TransUnion's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C 1681o, for which TransUnion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's costs and fees.

## Negligent Violation of the Fair Credit Reporting Act- Experian

101. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 100 as if fully set forth herein.

102. Experian's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of TransUnion's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C 1681e(b) and TransUnion's duties regarding investigation of disputed items under 15 U.S.C 1681i.

103. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence and failures to make any and/ or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C 1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C 1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's costs and fees.

### Negligent Violation of the Fair Credit Reporting Act- Equifax

104. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 103 as if fully set forth herein.

105. Equifax's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C 1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C 1681i.

106. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence and failures to make any and/ or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C 1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C 1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's costs and fees.

### Willful Violation of the Fair Credit Reporting Act- PNC Bank

107. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 123 as if fully set forth herein.

108. PNC Bank's N.A., false reporting to TransUnion, Experian, and Equifax of Plaintiff's alleged delinquency, despite PNC Bank's N.A., knowledge of the falsity of its reporting, is a willful violation of PNC Bank's N.A., duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C 1681s-2(a) and (b).

109. Given PNC Bank N.A., knowledge of the falsity of its reporting, PNC Bank's N.A. violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C 1681n which PNC Bank

N.A.., is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's costs and fees.

### Willful Violation of the Fair Credit Reporting Act-TransUnion

110. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 126 as if fully set forth herein.

111. TransUnion's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of TransUnion's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C 1681e(b) and TransUnion's duties regarding investigation of disputed items under 15 U.S.C 1681i.

112. TransUnion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following TransUnion's receipt of Plaintiff's dispute is a willful violation of TransUnion's duties regarding investigation of disputed items as stated in 15 U.S.C 1681i.

113. TransUnion's violations of the FCRA amount to willful non- compliance with the FCRA as stated in 15 U.S.C 1681n for which TransUnion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's costs and fees.

### Willful Violation of the Fair Credit Reporting Act-Experian

114. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 130 as if fully set forth herein.

115. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C 1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C 1681i.

116. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C 1681i.

117. Experian's violations of the FCRA amount to willful non- compliance with the FCRA as stated in 15 U.S.C 1681n for which EXPERIAN is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's costs and fees.

## Willful Violation of the Fair Credit Reporting Act-Equifax

118. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 134 as if fully set forth herein.

119. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C 1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C 1681i.

120. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C 1681i.

121. Equifax's violations of the FCRA amount to willful non- compliance with the FCRA as stated in 15 U.S.C 1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's costs and fees.

**WHEREFORE**, Plaintiff seek a reasonable and fair judgement against Defendant's for willful non-compliance of the Fair Credit Reporting Act and seek their statutory remedies as defined by 15 U.S.C. 1681 and demand:

A.  Actual damages;

B.  Statutory damages;

C.  Punitive damages;

D.  Costs pursuant to 15 U.S.C.

E.  An order directing that each Respondent immediately delete all of the inaccurate information from Defendant's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information

F.  An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

G.  Award to Plaintiff of such other and further relief as may be just and proper.

Respectfully submitted October 17, 2023

/s/ _Tamika Conn_

Tamika Conn

21743 Peterson Ave

Sauk Village, IL 60411

Email: Tconn404@gmail.com

**JURY TRIAL DEMANDED**